Docusign Envelope ID: 53CD1C4E-41D8-8E55-829E-A76F0BC06EF6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SOLLARS & ASSOCIATES, INC,**

    Plaintiff,

    v

**MERIDIAN HEALTH PLAN OF
MICHIGAN, INC.**

    Defendant.

Case No.
Hon.

---

**TAFT STETTINIUS & HOLLISTER LLP**
Christopher J. Ryan (P74053)
27777 Franklin Rd., Suite 2500
Southfield, MI  48034
(248) 351-3000
cryan@taftlaw.com
*Attorneys for Plaintiff*

THERE IS NO OTHER PENDING OR
RESOLVED CIVIL ACTION ARISING OUT
OF THE SAME TRANSACTION OR
OCCURRENCE AS ALLEGED IN THIS
COMPLAINT.

---

## VERIFIED COMPLAINT

Plaintiff Sollars & Associates, Inc. ("Sollars"), by and through its undersigned counsel, for its Verified Complaint against Defendant Meridian Health Plan of Michigan, Inc. ("Meridian"), states as follows:

## INTRODUCTION

1. This action arises from Meridian's unlawful and procedurally deficient termination of its network contract with Sollars. Sollars is a licensed behavioral health group practice that has served Meridian's Medicare Advantage, Medicaid,

Docusign Envelope ID: 53CD1C4E-41D8-8E55-829E-A76F0BC06EF6

and other enrollees since 2013. Without providing any reason, without affording any hearing, and without providing the notice period required by its own contract, Meridian purported to terminate Sollars from its provider network without cause effective May 31, 2026.

2.      Meridian's termination of Sollars violates: (a) the terms of the Practitioner Agreement between the parties, including the mandatory 60-day written notice requirement; (b) federal Medicare Advantage regulations requiring written notice of reasons, clinical peer review, and appeal rights before a contracted physician or physician group may be terminated; and (c) federal Medicaid managed care regulations prohibiting discrimination against providers serving high-risk and high-cost patient populations and requiring written notice of the reasons for any network exclusion.

3.      Sollars seeks declaratory and injunctive relief to prevent the wrongful termination from taking effect, as well as damages for breach of contract and violations of federal law.

## PARTIES, JURISDICTION, AND VENUE

4.      Sollars is a professional corporation organized under the laws of the State of Michigan. Sollars' principal place of business is located at 725 S. Adams Road, Suite 235, Birmingham, Michigan 48009.

Docusign Envelope ID: 53CD1C4E-41D8-8E55-829E-A76F0BC06EF6

5. Sollars is a licensed mental and behavioral health provider group, credentialed by Meridian in that specialty.

6. Meridian is a Michigan corporation and Health Maintenance Organization ("HMO") organized and operating under the laws of the State of Michigan. Meridian's principal place of business is located in Detroit, Michigan.

7. Meridian contracts with the Centers for Medicare and Medicaid Services ("CMS") as a Medicare Advantage Plan. Meridian also contracts with the State of Michigan for the provision of Medicaid managed care services.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as at least one of Sollars' claims arise under federal law.

9. This Court has supplemental jurisdiction over Sollars's remaining claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as Meridian resides in this District, and a substantial part of the events giving rise to the claims occurred in this District.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. On or about September 1, 2013, Meridian and Sollars entered into a Practitioner Agreement (the "Agreement"), effective September 1, 2013. **Exhibit A**.

-3-

Docusign Envelope ID: 53CD1C4E-41D8-8E55-829E-A76F0BC06EF6

12.     The Agreement covers multiple lines of business, including the Meridian Health Plan of Michigan Medicaid Managed Care Network; the Meridian Advantage Plan of Michigan (HMO SNP) Medicare MA-PD Plan Network; and the Meridian Health Plan Commercial HMO Network.

13.     The Agreement continues in effect for 12 months and automatically renews for successive one-year terms unless terminated pursuant to its terms and conditions. The Agreement has been in continuous effect since September 2013 and has renewed through the present date.

14.     Meridian credentialed Sollars to provide mental and behavioral health services to Meridian's enrollees. Sollars has continuously provided covered mental and behavioral health services to Meridian's enrollees for over 12 years.

15.     The Sollars group includes licensed social workers, licensed professional counselors, and other licensed mental and behavioral health professionals.

16.     Section 6.2 of the Agreement provides that either party may terminate the Agreement without cause but must provide 60 days' prior written notice to the other party.

17.     Section 4.2 of the Agreement requires Meridian to carry out its obligations in accordance with federal and state statutes and regulations and with policies, procedures, and requirements promulgated by HHS and DHS.

18. 42 C.F.R. § 422.202(d) requires that when a Medicare Advantage organization suspends or terminates a contracted physician or physician group, the organization must: (i) provide the affected physician with written notice of the reasons for the action, including the standards and any profiling data used to evaluate the physician; (ii) afford the physician the right to appeal the action; and (iii) ensure that the appeal is heard by a panel that includes at least one clinical peer of the affected physician practicing in the same or a similar specialty and not otherwise involved in the network-management decision.

19. Under 42 C.F.R. § 438.12(a), Meridian is prohibited from discriminating against healthcare providers who serve Medicaid enrollees and is required to provide affected providers with written notice of the reason for any decision to exclude them from Meridian's Medicaid network.

20. Under 42 C.F.R. § 438.214(c) and § 438.12(a)(2), Meridian's provider selection policies and procedures must be non-discriminatory, and Meridian is prohibited from discriminating against providers that serve high-risk populations or patients requiring costly treatment.

21. On or about April 1, 2026, Meridian sent Sollars a letter purporting to terminate the Agreement effective May 31, 2026, citing only a "review of [Meridian's] market operations, network and footprint" (the "Purported Termination Notice"). **Exhibit B.**

Docusign Envelope ID: 53CD1C4E-41D8-8E55-829E-A76F0BC06EF6

22. Although the Purported Termination Notice is dated April 1, 2026, Sollars did not receive it until April 27, 2026. From the date of actual receipt to the stated termination date of May 31, 2026, is a period of only 34 days. This is 26 days short of the 60-day notice period contractually required by Section 6.2 of the Agreement.

23. The Purported Termination Notice provided no reasons for the termination beyond the generalized (likely boilerplate) reference above. It disclosed no standards or profiling data. It identified no appeal mechanism. It offered no hearing.

24. The Purported Termination Notice also provided no written notice of the reason for the decision to exclude Sollars from Meridian's Medicaid network, as required by 42 C.F.R. § 438.12(a).

25. On May 4, 2026, Sollars, through undersigned counsel, sent a detailed response letter via Federal Express to the Vice President of Operations at Meridian, objecting to the Purported Termination Notice in its entirety and demanding compliance with federal law and the Agreement. **Exhibit C.**

26. The May 4, 2026 letter demanded that Meridian, within 10 business days: (a) provide a particularized written statement of the reasons for the Purported Termination, including any standards, criteria, and profiling data relied upon; (b) convene a peer review hearing panel including at least one clinical peer in mental

and behavioral health; (c) produce Meridian's network-adequacy analyses for outpatient behavioral health; (d) produce the current Provider Manual and identify all dispute-resolution, appeal, and hearing mechanisms; and (e) confirm in writing that the May 31, 2026 effective date was rescinded pending compliance.

27. The deadline for Meridian to respond passed without any reply from Meridian.

28. After follow up from Sollars, on May 22, 2026, Meridian finally acknowledged receipt of the May 4 letter and claimed it was being reviewed internally. Meridian provided no substantive response and no commitment to rescind the termination. **Exhibit D.**

29. On May 26, 2026, counsel for Sollars wrote to Meridian's legal team demanding that Meridian either provide a substantive response to the issues raised in the May 4 letter or confirm in writing that Sollars would remain in network while Meridian completed its internal review. *Id.* Later that day, Meridian responded that it was "actively reviewing the issues raised" and "will provide a substantive response by the end of the day on Thursday, May 28." *Id.* Meridian provided no commitment to rescind or suspend the May 31 termination date. *Id.*

30. Near the end of the day on May 28, 2026, having received no "substantive response," Sollars followed up with Meridian. *Id.* Meridian again changed its position, this time stating that they "anticipate there will be

comprehensive response tomorrow morning." *Id.* Sollars replied that Meridian needed to respond by 10:00 am. *Id.* Meridian replied, for the first time disclosing that it was having an "internal business meeting" from 10:30-11:00 am and that any response would not take place until after that meeting.

31.    As of the filing of this Complaint, Meridian has not provided any substantive response to the issues raised in the May 4 letter, has not convened any peer review hearing, has not disclosed any reasons, standards, or profiling data for the termination, and has not rescinded or suspended the May 31, 2026 termination date.

32.    Sollars has served Meridian's enrollees, including Medicare Advantage and Medicaid beneficiaries, for over 12 years. Its clinicians provide outpatient mental and behavioral health services to a substantial population of Meridian's enrollees, including over 150 patients in 2026 alone. The vast majority of these patients are enrolled in Meridian's Medicaid plan. Many are high-risk patients with behavioral health conditions who depend on Sollars for ongoing continuity of care.

33.    If Meridian's unlawful termination takes effect, Sollars and its patients will suffer immediate, substantial, and irreparable harm, including: (a) the loss of contracted network status and associated revenue; (b) forced disruption of ongoing treatment relationships with patients; (c) damage to professional reputation; and (d)

harm to patients who will face increased out-of-pocket costs or loss of access to behavioral health care.

34. Meridian's arbitrary and unexplained termination of an established behavioral health provider jeopardizes access to covered mental health services for Medicaid and Medicare beneficiaries.

## COUNT I: VIOLATION OF 42 C.F.R. § 422.202
## (MEDICARE ADVANTAGE PROVIDER PROTECTIONS)

35. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

36. Meridian contracts with CMS as a Medicare Advantage plan.

37. Meridian is bound by all applicable Medicare laws and regulations, including those governing the rights of contracted providers.

38. 42 C.F.R. § 422.202(d) imposes mandatory obligations on Medicare Advantage organizations that suspend or terminate a contracted provider group. These include: (i) written notice of the reasons for the action, including the standards and profiling data used; (ii) the right to appeal; (iii) a hearing panel including at least one clinical peer not involved in the termination decision; and (iv) at least 60 days written notice before terminating the contract without cause.

39. The Purported Termination Notice satisfied none of the required elements: no reasons, no standards or profiling data, no appeal mechanism, no hearing panel, and only 34 days' notice.

40.     Meridian's failure to comply with 42 C.F.R. § 422.202(d) constitutes a violation of federal law directly actionable in this Court, as well as a breach of contract.

41.     Sollars' claim is not a claim for Medicare benefits and is not inextricably intertwined with any enrollee's claim for a benefit determination.

42.     No organization determination process exists through which Sollars, as a provider, may challenge its own network termination.

43.     No administrative remedy is available to Sollars for the specific violations alleged.

44.     As a direct and proximate result of Meridian's violations, Sollars has suffered and will continue to suffer irreparable harm and economic damages in an amount to be determined at trial.

45.     Sollars is entitled to declaratory and injunctive relief and compensatory damages.

### COUNT II: VIOLATION OF MEDICAID LAW

46.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47.     42 C.F.R. § 438.12(a) prohibits Medicaid managed care organizations from discriminating against providers. It requires Meridian to provide affected

Docusign Envelope ID: 53CD1C4E-41D8-8F55-829E-A76F0BC06EF6

providers with written notice of the reasons for any decision to exclude them from its Medicaid network.

48.     42 C.F.R. § 438.214(c) and § 438.12(a)(2) require that Meridian's provider selection and exclusion policies be non-discriminatory and prohibit Meridian from discriminating against providers who serve high-risk populations or patients who require costly treatment. Sollars serves precisely such high-risk populations.

49.     Meridian agreed to comply with these laws and regulations through the Agreement.

50.     Meridian violated 42 C.F.R. §§ 438.12(a)(2) and 438.214(c) by excluding Sollars from its network without meaningfully disclosing the reason for its decision, and in a manner that has the purpose or effect of excluding a provider that serves high-risk populations while retaining others.

51.     As a direct and proximate result of Meridian's violations, Sollars has suffered and will continue to suffer irreparable harm, as well as economic damages in an amount to be determined at trial.

## COUNT III: BREACH OF CONTRACT

52.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

53. The Agreement is a valid and enforceable contract between Sollars and Meridian.

54. Sollars has performed all of its obligations under the Agreement.

55. Section 6.2 of the Agreement requires 60 days' prior written notice to terminate the Agreement without cause.

56. The Purported Termination Notice is dated April 1, 2026, but was not received by Sollars until April 27, 2026.

57. Under Section 7.3 of the Agreement, notices are sufficient only if sent by certified mail, recognized overnight delivery service, or delivered by hand with written evidence of receipt.

58. The effective date of the notice for purposes of calculating the 60-day period therefore runs from the date of receipt, April 27, 2026.

59. The stated termination date of May 31, 2026 is only 34 days from receipt (26 days short of the contractually required 60 days).

60. Meridian breached Section 6.2 of the Agreement by purporting to terminate it without providing the required 60 days' prior written notice.

61. Meridian further breached Section 4.2 of the Agreement by failing to carry out its obligations in accordance with applicable federal statutes and regulations, including those set forth above.

62. As a direct and proximate result of Meridian's breaches, Sollars has suffered and will continue to suffer damages. These include lost revenue, harm to its practice, disruption of patient relationships, and other consequential damages in an amount to be determined at trial.

## COUNT IV: DECLARATORY RELIEF

63. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64. An actual and justiciable controversy exists between Sollars and Meridian concerning: (a) whether the Purported Termination Notice complied with the 60-day notice requirement of Section 6.2 of the Agreement; (b) whether Meridian was required to comply with 42 C.F.R. § 422.202(d) before terminating Sollars from the Medicare Advantage network, and whether it did so; (c) whether Meridian was required to provide written notice of reasons for excluding Sollars from its Medicaid network, and whether it did so; and (d) whether the Purported Termination Notice is legally valid and effective to terminate the Agreement.

65. Sollars seeks a declaratory judgment pursuant declaring that:

    a. The Purported Termination Notice is procedurally deficient and does not comply with the requirements of Section 6.2 of the Agreement;

-13-

Docusign Envelope ID: 53CD1C4E-41D8-8F55-829E-A76F0BC06EF6

b. The Purported Termination Notice is legally invalid and of no force and effect;

c. Meridian violated federal law and its contractual obligations by failing to provide written notice of reasons, an appeal right, and a clinical peer review hearing prior to termination of Sollars;

d. Meridian violated federal law and its contractual obligations by failing to provide written notice of reasons and by excluding a provider serving high-risk populations;

e. The Agreement remains in full force and effect.

## COUNT V: INJUNCTIVE RELIEF

66. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

67. Sollars is likely to succeed on the merits of its claims. The Purported Termination Notice fails to provide the 60-day notice required by the Agreement. On its face, the Notice provides none of the procedural protections required by federal law.

68. Sollars will suffer immediate, irreparable harm absent injunctive relief. Once the termination takes effect, Sollars' provider status cannot be readily restored. Patient-provider relationships will be disrupted or severed. Patients in active

-14-

Docusign Envelope ID: 53CD1C4E-41D8-8F55-829E-A76F0BC06EF6

treatment could lose access to behavioral health clinicians. Money damages cannot fully compensate these harms.

69. The balance of equities favors Sollars. Meridian faces no cognizable harm from maintaining the status quo. Sollars has been an in-network provider for over 10 years and Meridian's Purported Termination Notice was a termination without cause.

70. The public interest favors injunctive relief. Medicaid and Medicare beneficiaries depend on continuity of access to mental and behavioral health services. The federal regulations Meridian violated were enacted to protect provider access and the integrity of Medicare Advantage and Medicaid managed care networks.

71. Sollars requests that this Court issue a temporary restraining order and preliminary injunction. The injunction should prohibit Meridian from terminating the Agreement, removing Sollars from its provider networks, or treating the Agreement as terminated pending full adjudication of this matter.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment and grant the following relief:

1. A temporary restraining order and preliminary and permanent injunction enjoining Meridian from: (i) treating the Agreement as terminated; (ii) removing Sollars or any of its credentialed practitioners from any of

Docusign Envelope ID: 53CD1C4E-41D8-8F55-829E-A76F0BC06EF6

Meridian's provider networks; and (iii) notifying enrollees that Sollars is no longer an in-network provider.

2. A declaration that:

(a) the Purported Termination Notice does not comply with the 60-day notice requirement of Section 6.2 of the Agreement and is therefore legally invalid and of no force and effect;

(b) Meridian violated federal law by failing to provide Sollars with written notice of reasons, an appeal right, and a clinical peer hearing panel before terminating Sollars from the Medicare Advantage network;

(c) Meridian violated federal law by terminating and excluding Sollars from the Medicaid network; and

(d) the Agreement remains in full force and effect;

3. Compensatory damages in an amount to be determined at trial, including all lost revenues and economic harm resulting from Meridian's breaches and violations;

4. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated: May 29, 2026         By:   */s/Christopher J. Ryan*
                                  Christopher J. Ryan (P74053)
                                  27777 Franklin Road, Suite 2500
                                  Southfield, MI 48034
                                  (248) 727-1553
                                  cryan@taftlaw.com
                                  *Attorneys for Plaintiff*

-16-

Docusign Envelope ID: 53CD1C4E-41D8-8F55-829E-A76F0BC06EF6

## **VERIFICATION**

I, Shelley Sollars, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am authorized to make this verification on behalf of Plaintiff Sollars & Associates, Inc. I have read the foregoing Verified Complaint and know the contents thereof. The factual statements contained in the Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on: _May 29, 2026_____

DocuSigned by:

*Shelley Sollars*
38BCB608FDEB40E...

Shelley Sollars
Sollars & Associates, Inc.

-17-